**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHERIF el-MASHAD, *et al.*,** ) | **CASE NO. 1:05-CV-00270 (JR)** |
| ) | |
| **Petitioners** ) | |
| ) | **MOTION FOR THE IMMEDIATE** |
| v. ) | **ISSUANCE OF A WRIT OF HABEAS** |
| ) | **CORPUS PURSUANT TO 28 U.S.C.** |
| ) | **§ 2243 OR, ALTERNATIVELY, TO** |
| **GEORGE W. BUSH, *et al.*,** ) | **ISSUE AN ORDER TO SHOW** |
| ) | **CAUSE** |
| **Respondents** ) | |

**MOTION FOR THE IMMEDIATE ISSUANCE**
**OF A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243 OR,**
**ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

Petitioners Sherif el-Mashad ("el-Mashad") and Adel Fattouh Aly Ahmed Algazzar ("Algazzar"), and Mr. and Mrs. Waffa el-Arabie, and Fattouh Aly Ahmed Algazzar, the Next Friends of Petitioners ("Next Friends"), by counsel, respectfully submit this motion requesting the Court to issue forthwith a writ of habeas corpus pursuant to 28 U.S.C. § 2243, returnable in three days, in order to proceed to a hearing on the merits of their Petition for Writ of Habeas Corpus and Request for Declaratory Relief.  Alternatively, Petitioners seek the forthwith issuance of an order to show cause why a writ of habeas corpus should not be granted, returnable in three days.  In light of the recent news regarding the government's imminent plan to transfer more than half the detainees currently in Guantánamo, the need for the government to file a factual return is especially pressing.  The grounds for said motion are fully laid out in the memorandum of points and authorities that accompanies this motion.

Counsel for Petitioners has consulted with counsel for Respondents about this Motion. We are advised by counsel for Respondents that they will await the filing of this Motion before they take a position on the issues raised by this Motion to Show Cause.

Dated: March 11, 2005

                                            Respectfully submitted,

                                            VENABLE LLP

                                            _____/s/_____
                                            Carol Elder Bruce, D.C. Bar No. 202200
                                            575 7th Street, NW
                                            Washington, DC  20004
                                            Tel:  (202) 344-4000
                                            Fax: (202) 344-8300
                                            cebruce@venable.com

                                            *Counsel for Petitioners*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHERIF el-MASHAD**, *et al.*,  )<br>)<br>**Petitioners**          )<br>)<br>      v.       )<br>)<br>)<br>**GEORGE W. BUSH**, *et al.*,   )<br>)<br>**Respondents**         )<br>)<br>)  | CASE NO. 1:05-CV-00270 (JR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' MOTION FOR THE IMMEDIATE ISSUANCE OF A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243 OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONERS' MOTION FOR THE IMMEDIATE ISSUANCE
OF A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2243 OR,
ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

Petitioners Sherif el-Mashad ("el-Mashad") and Adel Fattouh Aly Ahmed Algazzar ("Algazzar"), and Mr. and Mrs. Waffa el-Arabie, and Fattouh Aly Ahmed Algazzar, the Next Friends of Petitioners ("Next Friends"), by counsel, rely on the following point and authorities in support of their motion requesting the Court to issue forthwith a writ of habeas corpus, pursuant to 28 U.S.C. § 2243, returnable in three days, in order to proceed to a hearing on the merits of their Petition for Writ of Habeas Corpus and Request for Declaratory Relief.  Alternatively, Petitioners seeks the forthwith issuance of an order to show cause why a writ of habeas corpus should not be granted returnable in three days.  In support of their motion, Petitioners state the following:

1.     Petitioners are prisoners at Camp Delta, Guantanamo Bay Naval Station, Guantanamo Bay, Cuba ("Guantanamo").  They have been imprisoned by

the United States for nearly three years. During that entire time, they have been held virtually incommunicado.

2. On February 4, 2005, undersigned counsel filed a Petition for Writ of Habeas Corpus and Request for Declaratory Relief ("Petition") on behalf of Petitioners, pursuant to 28 U.S.C. § 2241 and 2242. The Petition contested both the fact of the Petitioners' incarceration as well as their inhumane treatment in violation of domestic and international law.

3. Pursuant to 28 U.S.C. § 2243, "a court…entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto."

4. The Supreme Court has clearly allowed Petitioners to challenge their incarceration. *Rasul v. Bush*, No. 03-334, 542 U.S. __, 124 S.Ct. 2686, 2699 (U.S. June 28, 2004). Furthermore, the Government has agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedures to be afforded a petitioner in federal habeas review." *Hamdi v. Rumsfeld*, No. 03-6696, 542 U.S. __, 124 S.Ct. 2633, 2644 (U.S. June 28, 2004). Accordingly, Petitioners respectfully suggest that this Court is required forthwith either to issue the writ or order the government to show cause why the writ should not be granted.

5. Pursuant to 28 U.S.C. § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir.), *cert. denied*, 510 U.S. 983 (1993) (district court complied with the "forthwith"

requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge).

6.  Petitioners request that the writ or, alternatively, the order to show cause be returnable within three days. The original petition was filed, and served on the United States Attorney by hand, pursuant to Rule 4(i)(1)(A), on February 4, 2005, 35 days from the date on which this motion is filed. *See* Exhibit 1, Declaration of Karen Vossler. Service also was effected through certified mail pursuant to Rule 4(i)(1)(B), on President George W. Bush. *See* Exhibit 2, photocopy of returned certified mail receipt. Secretary of Defense Donald Rumsfeld was also served. *See* Exhibit 3, federal express tracking summary evidencing that the petition was signed for by D.Dixon on behalf of Rumsfeld. Indeed, the Department of Justice has entered an appearance in this matter on behalf of all Respondents but has not yet filed a response to Petitioner's Writ of Habeas Corpus.

7.  The government has failed to respond to the Petition within the twenty-day notice period contemplated under 28 U.S.C. § 2243.

8.  There is absolutely no basis for the government to claim that it needs more time to provide a factual return for the bases of Petitioners' detention. In the government's Opposition to Petitioners' Motion for Preliminary Injunction, the government admitted that "Petitioners' enemy combatant status was recently confirmed in Combatant Status Review Tribunals." *See* Respondents' Memorandum in Opposition to Petitioners' Motion for Preliminary Injunction at 2. Considering that Petitioners have already been deemed enemy combatants, the court should immediately issue an Order to Show Cause.

9.  The government is now seeking to transfer over half of detainees currently in Guantánamo. *See* Exhibit 9, Douglas Jehl, *Pentagon Seeks to Transfer*

3

*More Detainees From Base in Cuba*, N.Y. TIMES, Mar. 11, 2005.  The transfer of detainees will "be similar to renditions," according to official sources.  *Id.*  This recent news of the likely imminent transfer of Petitioners underscores the need for the government to provide a factual return for Petitioners' detention before they are removed from U.S. custody.

10. Equally important is the fact that the United States has imprisoned and interrogated the Petitioners for nearly three years.  On information and belief, the government has interrogated Petitioners on numerous occasions and is well aware of the factual bases that allegedly support the continued imprisonment of Petitioners.  According to the Deputy Secretary of Defense Paul Wolfowitz, each detained petitioner "has been determined to be an enemy combatant through multiple levels of review by officers of the Department of Defense."  *See* Exhibit 4, July 7, 2004 Order Establishing Combatant Status Review Tribunal ("Order Establishing Tribunals"), subsection (a).  As stated earlier, Petitioners themselves have been deemed to be enemy combatants.

11. Because the Government has already determined the "enemy combatant" status of each prisoner and conducted multiple levels of review that presumably included evidence sufficient to justify the Government's determinations, there is no basis for the Government to claim that it needs more time to comply with the Supreme Court's directive to allow the Petitioners to challenge the bases for their detention.  Accordingly, there is no reason to delay issuance of the Writ or an Order to Show Cause or the Government's response to it.

12. Petitioners respectfully suggest that the government is attempting to preempt this Court from hearing the habeas corpus petitions filed in this case.  By

4

implementing the procedures set forth in the Order Establishing Tribunals, the government is seeking to perpetuate the existence of a jail beyond the reach of Article III courts, a position that the Supreme Court resoundingly rejected in ruling that United States courts have jurisdiction to hear challenges to the legality of Petitioners' detention.

13. The facts in this case require that the matter be handled expeditiously. As indicated above, Petitioners challenge their wrongful imprisonment without charge. That imprisonment has now lasted nearly three years, the majority of which has been spent in an eight foot by six foot prison cell, twenty-four hours a day. *See* Exhibit 5, *Suspect at Guantanamo Attempts Suicide*, Associated Press, Aug. 26, 2003.

14. Upon information and belief, Petitioner el-Mashad, a husband and father, has had no communication with any family member since his detention. Similarly, Petitioner Algazzar, a father of four children, also has had no contact with any family member since his detention.

15. Upon information and belief, each Petitioner was removed from the country of his arrest against his will and brought to the United States in violation of existing extradition treaties. Neither Petitioner has been charged with any crime.

16. Petitioners also challenge the conditions of their incarceration. Based on information obtained from former prisoners at Guantánamo who have been released, there is a strong likelihood that Petitioners have been subjected to cruel and degrading treatment at the express direction of United States officials for the purpose of obtaining information and confessions, a practice that directly contravenes international, domestic, and military law. The conditions at Guantánamo, coupled with the prospect of indefinite detention, have resulted in

numerous suicide attempts by the detainees.  *See* Exhibit 6, *Guantanamo Suicide Attempts Rise to 31*, Associated Press, Aug. 20, 2003; *see also* Exhibit 5.  In addition, the United States has already admitted the "police" dogs were used during interrogation at Guantánamo.  *See* Exhibit 7, John Diamond, *Top Commanders in Iraq Allowed Dogs to be Used*, USA Today, June 19, 2004 (dogs were used at Guantánamo until April 2003).

17.   Upon information and belief, many of the detainees in Guantanamo have developed severe mental health problems.  *See* Exhibit 8, Excerpt of *Composite Statement: Detention in Afghanistan and Guantanamo Bay of Shafiq Rasul, Asif Iqbal, and Rhuhel Ahmed*, July 26, 2004.  The mental and physical health of Petitioners cannot be established because they are being held essentially incommunicado.

WHEREFORE, for the above stated reasons and for any other reason that may become known to the Court, Petitioners respectfully request that issuance of an order to show cause to the defendants returnable in three days.

Dated: March 11, 2005

Respectfully submitted,

VENABLE LLP

_____/s/_____
Carol Elder Bruce, D.C. Bar No. 202200
575 7th Street, NW
Washington, DC  20004
Tel:  (202) 344-4000
Fax: (202) 344-8300
cebruce@venable.com

*Counsel for Petitioners*